$\mathcal{L}$ 丰

**FILED**

MAR 2 0 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE AMY ST. EVE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **08CR  237** |
| | ) | |
| v. | ) | Violations: Title 18, United States Code |
| | ) | Sections 1001 and 287 |
| NATHANIEL WHITE | ) | |

**MAGISTRATE JUDGE COLE**

**COUNT ONE**

The SPECIAL JUNE 2007-1 GRAND JURY charges:

1.     At times material to this indictment:

a.     The United States Department of Labor (DOL) was an agency within the jurisdiction of the executive branch of the Government of the United States.

b.     The DOL administered the payment of benefits from the United States of America to individuals who qualified for such benefits under various programs, including compensation authorized by the Federal Employees Compensation Act ("FECA").

c.     Federal employees were eligible to receive reimbursement through the DOL for travel expenses incurred in the course of receiving medical treatment ("travel expenses") authorized by FECA.

d.     Individuals seeking reimbursement for travel expenses were required to submit to the DOL, Office of Workers Compensation Programs accurate, truthful, and current information regarding their travel.

e.     Individuals seeking benefits in the form of reimbursement for travel expenses were required to submit a claim form to the DOL specifically listing the individual's address, the name and address of the medical facility utilized, the dates of travel, and the miles traveled. Individuals seeking this reimbursement were further required to sign and date any such application,

certifying that all of the information submitted by the individual on and in connection with the application form was true and correct to the best of the individual's knowledge and belief.

       f.     In determining whether individuals were entitled to receive reimbursement for travel expenses, the DOL relied upon the information provided by the claimant on the claim form.

       g.     Defendant NATHANIEL WHITE was employed by the DOL from approximately April 1999 until approximately July 2003, and by the Social Security Administration from approximately July 2003 to approximately July 2004. In both positions, defendant WHITE was eligible to receive FECA benefits through the DOL.

       h.     In or about January 2003, defendant NATHANIEL WHITE applied to the DOL for FECA benefits. The DOL approved defendant NATHANIEL WHITE's application for benefits on or about April 30, 2003. Beginning in or around August 2004, defendant WHITE began submitting application forms to the DOL seeking reimbursement for travel expenses related to FECA claims.

       2.     From on or about August 5, 2004, and continuing to on or about December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

NATHANIEL WHITE,

defendant herein, in matters within the jurisdiction of the executive branch of the United States, namely the United States Department of Labor, did knowingly and willfully falsify, conceal, and cover up by scheme and trick material facts, specifically, the number of visits made to receive medical treatment, the distance traveled to receive such treatment, and the travel expenses incurred

in the course of receiving medical treatment resulting in a misappropriation of DOL funds in excess of $47,000.

3.    It was part of the scheme that, from on or about August 5, 2004, and continuing to on or about December 20, 2005, in an effort to receive travel refund benefits from the DOL, defendant NATHANIEL WHITE falsely represented on approximately 430 entries on reimbursement for travel expense claim forms that he traveled round trip from his home at 740 West Sunset Drive in Glenwood, Illinois to the University of Illinois at Chicago Medical Center located at 1801 West Taylor Street in Chicago, Illinois for medical treatment.

4.    It was further part of the scheme that defendant NATHANIEL WHITE falsely represented the round trip distance he allegedly traveled between his home, located at 740 West Sunset Drive in Glenwood, Illinois, and the University of Illinois at Chicago Medical Center, located at 1801 West Taylor Street in Chicago, Illinois. On six occasions, WHITE represented that this distance was 200 miles. On 390 occasions, WHITE represented that this distance was 300 miles. On three occasions, WHITE represented that this distance was 450 miles. On 31 occasions, WHITE represented that this distance was 500 miles.

5.    It was further part of the scheme that, as a result defendant NATHANIEL WHITE's false statements of material facts regarding the number of visits he made to receive medical treatment and the distance he allegedly traveled in receiving this treatment, defendant WHITE caused and attempted to cause the United States Government, through the DOL, to suffer losses in excess of $47,000, in the form of reimbursement to the defendant for travel expenses incurred in the course of receiving medical treatment, which payments WHITE well knew he was not entitled to receive.

6.    It was further a part of the scheme that defendant NATHANIEL WHITE concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme, and the acts done in furtherance of the scheme.

All in violation of Title 18 United States Code, Section 1001.

## COUNT TWO

The SPECIAL JUNE 2007-1 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraph one of Count One of this indictment as though fully set forth herein.

2.    On or about January 22, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NATHANIEL WHITE,

defendant herein, made and presented, and caused to be made and presented, a claim upon and against the United States for payment, in that he transmitted and caused to be transmitted, a United States Department of Labor, Medical Travel Refund Request Form OWCP-957 form to the United States Department of Labor, claiming defendant had incurred travel expenses in the course of receiving medical treatment in the amount of $7312.50, knowing such claim to be false, fictitious and fraudulent;

In violation of Title 18, United States Code, Section 287.

## COUNT THREE

The SPECIAL JUNE 2007-1 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates by reference paragraph one of Count One of this indictment as though fully set forth herein.

2.     On or about February 13, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NATHANIEL WHITE,

defendant herein, made and presented, and caused to be made and presented, a claim upon and against the United States for payment, in that he transmitted and caused to be transmitted, a United States Department of Labor, Medical Travel Refund Request Form OWCP-957, form to the United States Department of Labor, claiming defendant had incurred travel expenses in the course of receiving medical treatment in the amount of $6412.50, knowing such claim to be false, fictitious and fraudulent;

In violation of Title 18, United States Code, Section 287.

## COUNT FOUR

The SPECIAL JUNE 2007-1 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates by reference paragraph one of Count One of this indictment as though fully set forth herein.

2.      On or about May 21, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NATHANIEL WHITE,

defendant herein, made and presented, and caused to be made and presented, a claim upon and against the United States for payment, in that he transmitted and caused to be transmitted, a United States Department of Labor, Medical Travel Refund Request Form OWCP-957, form to the United States Department of Labor, claiming defendant had incurred travel expenses in the course of receiving medical treatment in the amount of $4196.25, knowing such claim to be false, fictitious and fraudulent;

In violation of Title 18, United States Code, Section 287.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007-1 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates by reference the allegations in Count One of this indictment for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

2.      As a result of the violation of Title 18, United States Code, Section 1001, as charged in Count One,

### NATHANIEL WHITE,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(E), any and all property, real or personal, that constitutes and was derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One, including but not limited to at least $47,000 in that such sum was obtained as a result of the offense charged in Count One.

3.      If any of the forfeitable proceeds described above, as a result of any act or omission by the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with,

a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot

be divided without difficulty,

the United States shall be entitled to forfeiture of any other property belonging to the defendant up

to the value of the above forfeitable property, under the provisions of Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY