UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

*7-9-08*
*JUL - 9 2008*

*JUDGE AMY ST. EVE*
*United States District Court*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 08 CR 237 |
| vs. | ) Judge Amy St. Eve |
| | ) |
| NATHANIEL WHITE | ) |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant NATHANIEL WHITE, and his attorney, HELEN KIM, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.  The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.      The indictment in this case charges defendant with making false statements, in violation of Title 18, United States Code, Section 1001 (Count 1) and making false, fictitious or fraudulent claims, in violation of Title 18, United States Code, Section 287 (Counts 2-4).

3.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## **Charge to Which Defendant is Pleading Guilty**

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 1 of the indictment.  Count 1 charges defendant with knowingly and willfully falsifying, concealing, and covering up by scheme or trick material facts, resulting in a misappropriation of United States Department of Labor funds in excess of $47,000, in violation of Title 18, United States Code, Section 1001.

## **Factual Basis**

6.      Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt:

From August 5, 2004, and continuing to December 20, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, in matters within the jurisdiction of the executive branch of the United States, namely the United States Department of Labor, did knowingly and willfully falsify, conceal, and cover up by scheme and trick material facts, specifically, the number of visits made to receive medical treatment, the distance traveled to receive such treatment, and the travel expenses incurred in the course of receiving medical treatment resulting in a misappropriation of Department of Labor funds of approximately $47,283, in violation of Title 18, United States Code, Section 1001.

Specifically, defendant was employed by the United States Department of Labor (DOL) from approximately April 1999 until approximately July 2003, and by the United

States Social Security Administration from approximately July 2003 to approximately July 2004. Both of these positions made defendant eligible to receive benefits under the Federal Employee Compensation Act (FECA). As part of these FECA benefits, defendant was eligible to receive reimbursement through the DOL for travel expenses incurred in the course of receiving medical treatment ("travel expenses") authorized by FECA.

In January 2003, defendant applied to the DOL for FECA benefits. The DOL approved defendant's application for benefits on April 30, 2003. Beginning in August 2004, defendant began submitting application forms to the DOL seeking reimbursement for travel expenses related to FECA claims. In seeking reimbursement for travel expenses, defendant was required to submit to the DOL Office of Workers Compensation Programs accurate, truthful, and current information regarding his travel. Specifically, defendant was required to submit a claim form to the DOL specifically listing his address, the name and address of the medical facility utilized, the dates of travel, and the miles traveled. Defendant was further required to sign and date all such applications, certifying that all of the information submitted by defendant on and in connection with the application form was true and correct to the best of his knowledge and belief.

From August 5, 2004, and continuing to December 20, 2005, in an effort to receive travel refund benefits from the DOL, defendant falsely represented on approximately 430 entries on reimbursement for travel expense claim forms that he traveled round trip from his home at 740 West Sunset Drive in Glenwood, Illinois, to the University of Illinois at

Chicago Medical Center located at 1801 West Taylor Street in Chicago, Illinois, for medical treatment. Furthermore, defendant falsely represented the round-trip distance he allegedly traveled between his home, located at 740 West Sunset Drive in Glenwood, Illinois, and the University of Illinois at Chicago Medical Center, located at 1801 West Taylor Street in Chicago, Illinois. On six occasions, defendant represented that this distance was 200 miles; on 390 occasions, defendant represented that this distance was 300 miles; on three occasions, defendant represented that this distance was 450 miles; and on 31 occasions, defendant represented that this distance was 500 miles. The actual round-trip distance is approximately 60 miles.

Defendant's false statements of material facts regarding the number of visits he made to receive medical treatment and the distance he allegedly traveled in receiving this treatment, caused and attempted to cause the United States Government, through the DOL, to suffer losses of approximately $47,283, in the form of reimbursement to the defendant for travel expenses incurred in the course of receiving medical treatment, which payments defendant well knew he was not entitled to receive. Moreover, defendant concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the above-detailed scheme, and the acts done in furtherance of the scheme.

## **Maximum Statutory Penalties**

7.    Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.    A maximum sentence of 5 years' imprisonment.  This offense also carries a maximum fine of $250,000.  Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## **Sentencing Guidelines Calculations**

8.    Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines**.  The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing.  The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.    **Offense Level Calculations.**

i.    The base offense level for the charge in Count 1 of the indictment is 6, pursuant to Guideline §2B1.1(a)(2);

ii.    The total amount of intended loss associated with the offense of conviction is approximately $47,283.  Pursuant to Guideline § 2B1.1(b)(1)(D), because the loss amount is greater than $30,000, but less than $70,000, defendant's offense level is increased by 6.

iii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.  If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

c.    **Criminal History Category.**  With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range.**  Therefore, based on the facts now known to the government, the anticipated offense level is 10, which,

when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 6 to 12 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant

shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Regarding restitution, the parties acknowledge that the total amount of restitution owed to the United States Government is $47,283, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

## Presentence Investigation Report/Post-Sentence Supervision

15.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

17.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is

sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

18.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 237.

19.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

20.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.  The jury would have to agree

unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.  A defendant is not required to present any evidence.

      vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

      b.    **Waiver of appellate rights.**  Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea agreement and the sentence imposed.

Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

      c.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

21.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

22.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

23.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant

breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

24.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

25.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

26.    Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney.   Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:  7/9/2008

PATRICK J. FITZGERALD
United States Attorney

NATHANIEL WHITE
Defendant

MICHAEL J. FERRARA
Assistant U.S. Attorney

HELEN KIM
Attorney for Defendant